Michael Kind, Esq. (SBN: 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff Lily Choyce*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Lily Choyce, *individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Bay Area Credit Service LLC,<br><br>Defendant. | Case No: 2:16-cv-2596<br><br>**Class Action**<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Lily Choyce ("Plaintiff"), by counsel, brings this action to challenge the actions of Bay Area Credit Service LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8. Defendant is subject to personal jurisdiction in Nevada, as it conducts business here, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Clark County, Nevada.

## PARTIES

10. Plaintiff is a natural person who resides in Clark County, Nevada.

11. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a limited liability company organized in the State of California and doing business in the State of Nevada.

13. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. On or about May 17, 2015, Plaintiff's daughter required emergency medical care and American Medical Response, Inc. ("AMR"), an ambulance provider, took her daughter to Summerlin Hospital.

15. Plaintiff's insurance provider paid AMR for some of the cost for the ambulance care.

16. On or about October 2, 2015, Envision Healthcare began to attempt to collect from Plaintiff the portion of the debt not covered by Plaintiff's insurance—$1,355.54 (the "Debt").

17. The validity of the alleged Debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

18. Thereafter, the Debt was transferred to a collections company for the purpose of collecting debt from Plaintiff.

19. At no time did AMR, Envision or the collections company ever claim that Plaintiff was obligated to pay any interest.

20. Thereafter, the Debt was transferred to Defendant for the purpose of collecting debt from Plaintiff.

21. Defendant began illegally attempting to collect interest on the Debt, in addition to the Debt, by sending Plaintiff collection letters on, including but not limited to February 22, 2016, April 27, 2016, June 29, 2016 and August 5, 2016 (the "Collection Letters").

22. The Collection Letters are mass-mailed form letters, in generic form.

23. On February 22, 2016, Defendant sent Plaintiff a letter for the purpose of collecting debt, wrongly stating that Plaintiff owed $31.31 in interest for the Debt.

24. On April 27, 2016, Defendant sent Plaintiff a letter for the purpose of collecting debt, wrongly stating that Plaintiff owed $38.55 in interest for the Debt.

25. On June 29, 2016, Defendant sent Plaintiff a letter for the purpose of collecting debt, wrongly stating that Plaintiff owed $45.46 in interest for the Debt.

26. On August 5, 2016, Defendant sent Plaintiff a letter for the purpose of collecting debt, wrongly stating that Plaintiff owed $49.69 in interest for the Debt.

27. Plaintiff did not owe any interest on the Debt and AMR, the original creditor of the Debt, has confirmed that the Debt was not subject to any interest.

28. The Debt was incurred primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

29. Under the FDCPA, Defendant was not allowed to attempt to collect any interest since no interest was expressly authorized by the agreement creating the Debt.

30. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

32. The proposed Class that Plaintiff seeks to represent are defined as follows:

> All consumers in the United States of America who were sent a letter by or on behalf of Defendant, within one year prior to the

filing of this action, in an attempt to collect debt on behalf of AMR, or debt which was originally owed to AMR, in which Defendant attempted to collect interest and which was not returned as undeliverable.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Defendant when Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it collected or attempted to collect amounts that it was not entitled to under the agreement creating the debt, in violation of the FDCPA, and Plaintiff and the Class' members were damaged thereby.

35. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including the following:

   a. Whether Defendant's letters sent to collect debt on behalf of AMR were communications to collect debt under the FDCPA;

b. Whether, within the class period, Defendant or its agents communicated with consumers in an attempt to collect interest that was not authorized by the agreement creating the debt; and

c. Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violations.

38. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of the members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## COUNT ONE

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

44. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the Debt in the Collection Letter.

45. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which could not be legally taken in connection with the Collection Letter.

46. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means in connection with the Collection Letter in an attempt to collect a debt.

47. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt by sending the Collection Letter to Plaintiff.

48. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

50. Plaintiff is entitled to damages as a result of Defendant's violations.

51. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights in connection with the Collection Letter and to prosecute this

cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An order certifying the Class and appointing Plaintiff as Representative of the Class;
- An order certifying the undersigned counsel as Class Counsel;
- A declaratory judgment that Defendant's actions as discussed herein is unlawful;
- An order requiring Defendant, at its own cost, to notify all members of the Class of the unlawful acts discussed herein;
- Injunctive relief stopping Defendant from further deceptive practices;
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

///
///
///
///
///
///
///

**JURY DEMAND**

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 8th day of November 2016.

                                      Respectfully submitted,

                                      **KAZEROUNI LAW GROUP, APC**

                                      By: /s/ Michael Kind
                                                Michael Kind, Esq.
                                                7854 W. Sahara Avenue
                                                Las Vegas, NV 89117
                                                *Attorneys for Plaintiff*